## TRADERS & GENERAL INS. CO. v. BELCHER.

### No. 5813.

Court of Civil Appeals of Texas. Texarkana.

June 11, 1941.

Rehearing Denied June 19, 1941.

See, also, 126 S.W.2d 35.

Lightfoot, Robertson & Gano, of Fort Worth, and Caves, Waldrop & Shaw, of Henderson, for appellant.

Geo. W. McHam and Roy W. McDonald, both of Dallas, for appellee.

HALL, Justice.

This is a compensation suit brought by W. D. Belcher against Traders and General Insurance Company to recover compensation alleged to be due him under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., for injuries sustained by him in the course of his employment with F. D. Jones or F. D. Jones Drilling Company, and he alleged that appellant was the compensation insurance carrier of Jones. He alleged that the injury was to the lower part of appellee's back in the region of the fifth lumbar vertebrae and the sacrum, resulting in total and permanent disability. Appellant filed a general demurrer, special exceptions, and general denial, and, in addition, a sworn denial of the execution of such insurance policy as that described in appellee's petition to either F. D. Jones or F. D. Jones Drilling Company. This sworn denial was upon motion of appellee stricken.

Trial was to a jury on 32 special issues. All the answers returned were favorable to appellee. Upon this verdict judgment was rendered for appellee for compensation in the sum of $20 per week for 401 weeks.

By its first proposition appellant asserts error in the submission to the jury of special issue No. 8, in that said issue is: (1) duplicitous; (2) on the weight of the evidence; (3) improperly places the burden of proof upon it; and (4) "does not instruct the jury as to how they should answer said issue if they should find that the evidence does not preponderate either way." Special issue No. 8 is: "Do you find from a preponderance of the evidence that the plaintiff, W. D. Belcher, has suffered or will suffer any partial incapacity to labor as a result of the injury, if any, sustained on March 19, 1935?" To this the jury answered, "No." This issue is not subject to the objection that it is duplicitous because of the use therein of the words "has suffered or will suffer" in connection with the inquiry respecting appellee's partial incapacity to labor. Appellant refers to the case of Traders & General Ins. Co. v. Shelton, Tex.Civ.App., 130 S.W.2d 903, by Judge Alexander, as being decisive of this question. We do not consider that case to be controlling here. There the holding seems to be directed to the instruction following the special issue and not to the special issue itself. The precise question here involved was before

the Beaumont Court of Civil Appeals in United Employers Casualty Co. v. Knight, 139 S.W.2d 613, writ dismissed; the Eastland Court of Civil Appeals in the case of Maryland Casualty Co. v. Foote, 139 S.W. 2d 602, writ refused; and Traders & Gen. Ins. Co. v. Wright, Tex.Civ.App., 144 S.W. 2d 626, writ refused. The holding in each of these cases is contrary to appellant's contention that this issue is duplicitous. It will be noted that the holding in each of the cases cited above has been approved by the Supreme Court, and each case is later in point of time than the Shelton case.

■ Neither do we think that this issue improperly places the burden of proof upon appellant. From an examination of the record it is clear that throughout the trial appellant sought to establish that appellee's disability, if any, was the result of some diseased condition of his lower bowels, and not the result of an injury received by him. None of its testimony is directed to appellee's partial incapacity caused by the injury. On the other hand, appellee's cause is grounded, first, on total and permanent disability; and, second, on partial disability resulting from his alleged injury of March 19, 1935, as reflected by his pleadings. In such circumstances it was proper for the trial court to submit this issue affirmatively, and having so submitted same, it was not necessary to again submit it negatively. Wright v. Traders & Gen. Ins. Co., 132 Tex. 172, 123 S.W.2d 314, 315, 316. The above authority also holds that even partial incapacity may be a defensive issue, and "The burden of proof is not misplaced by an affirmative statement of the issue, as the defendant has the burden of establishing by a preponderance of the evidence its defense of partial incapacity." See, also, Southern Underwriters v. Mowery, Tex.Civ.App., 147 S.W.2d 834, writ dismissed.

■ The other complaints directed to this special issue are without merit and are overruled.

■ Appellant's proposition No. 2 asserts that special issue No. 1 is multifarious and duplicitous. Special issue No. 1 is: "Do you find from a preponderance of the evidence that plaintiff, W. D. Belcher, sustained an injury to his back on March 19, 1935?" The jury answered "Yes." It is claimed that this issue "involves more than one question, in that it involves the question of whether there was an injury sustained, and whether it was an injury to the back, and whether it was sustained on March 19, 1935." The mere statement of these objections refutes them. Appellant's entire case is built upon the premise that he received an injury to his back on March 19, 1935, which resulted in his physical disability. The evidence also showed that appellee received an injury to his body in February, 1935, and on another date an injury to his hands and arms. It was contended by appellant, as shown by the evidence introduced by it, that appellee's disability at least in part was due to these prior injuries. The issue here under discussion required the jury to find the ultimate issue of fact relied on by appellee, that is, whether he received an injury to his back on March 19th, as alleged by him and as established by his proof. In order for appellee to recover, it devolved upon him to establish the ultimate fact that he received the injury to his back on March 19, 1935. A submission as suggested by appellant in this proposition would be objectionable as requiring a finding upon evidentiary matters. In our opinion, this issue is not subject to the criticism that it is duplicitous or multifarious. It clearly asked the jury an ultimate fact issue relied on by appellee. Texas Employers' Ins. Ass'n v. Clack, Tex.Civ.App., 112 S.W.2d 526, approved in the respect here cited by the Supreme Court in 134 Tex. 151, 132 S.W.2d 399; Travelers Ins. Co. v. Noble, Tex.Civ.App., 129 S.W.2d 778; Industrial Indemnity Exchange v. Ratcliff, Tex.Civ.App., 138 S.W.2d 613, writ dismissed. This proposition is overruled.

■■ By its fourth proposition appellant asserts that the court erred in refusing to submit to the jury its "special requested issue No. 23 *in the following language:* Do you find from a preponderance of the evidence that a prior diseased condition of W. D. Belcher did not cause *any part of his disability,* if any?" (Italics ours). Had this issue been submitted to the jury in the form requested and answered favorably to appellant, under the settled law of this State, it could not have formed the basis of a judgment for it. To constitute a defense, the prior diseased condition of the claimant must be the sole cause of disability. In Southern Underwriters v. Mowery, supra, 147 S.W.2d 834, 843, Chief Justice Johnson, speaking for

this court, stated: "The fact that appellee may have been suffering from pre-existing arthritis and that it contributed to his present incapacity is not sufficient; it must have been the sole cause." See authorities there cited. To the same effect is Southern Underwriters v. Weldon, Tex. Civ.App., 142 S.W.2d 574. Furthermore, this theory of appellant's defense was correctly submitted by the court to the jury in special issue No. 27: "Do you find from a preponderance of the evidence that W. D. Belcher's incapacity to labor, if any, is not caused solely by arthritis existing and arising wholly independent of any injury or injuries, if any, sustained by him on March 19, 1935?" Therefore this proposition is overruled.

What we have said in our discussion of proposition No. 4 disposes of the similar proposition No. 5, and it is accordingly overruled.

■ Appellant's ninth proposition is: "The defendant having filed in this case a sworn denial of the issuance by it of a policy of insurance to F. D. Jones Drilling Company, the alleged employer in this case, and which sworn denial had been on file and among the papers on file in this case for almost three years prior to the trial of this case, it was error to refuse to allow the defendant to read such sworn denial to the jury, and to refuse to let the defendant rely upon the same and to strike same from the files in this case on the ground that it operated as a surprise and had not been filed in the case under leave of the court previously granted."

The following statement by the court is taken from the record:

"The Court: Let the record show that this case was set for trial February 15, 1937, that both parties announced ready for trial and the jury was empaneled in that case, and that Plaintiff read his Petition to the Jury, and the Defendant read its Answer, then the Defendant offered to read to the jury an instrument styled Defendant's Denial of Issuance of Insurance Policy, which instrument bears the file mark of the Clerk of this County, Rusk County, of date February 15, 1937; that previous to the offer to read said instrument to the jury it had not been called to the attention of the Court that said instrument had been filed among the papers, and

the Court's permission to file such instrument had not been obtained; that the attorneys for the Plaintiff claimed that the offer to read the instrument to the jury was the first notice they had had of the filing of said instrument in said case, and that they could not proceed with the trial of said case with said affidavit as a part of the pleadings therein because they had announced ready and selected a jury without any knowledge that such instrument had been filed or would be filed; the Court thereupon sustained said motion and struck the same from the record as a pleading in this cause; that permission of this Court has never been thereafter sought to refile, file or refile, said instrument in this Court, and the Court has never granted permission to file or refile the same in this Court; that in the trial of said cause on said 15th day of February, 1937, there was a mistrial; that this case was again set for trial the 6th day of July, 1937, and was on said date tried and a Jury verdict thereafter rendered therein upon which a judgment was rendered by the Court; that said trial was had with the understanding said affidavit was not before the Court, and said trial was conducted and all proceedings had therein upon the theory said affidavit was not before the Court for any purpose whatsoever; that said case was appealed to the Court of Civil Appeals, no contention ever being made that said affidavit was before the Court, and was reversed on other grounds and sent back for trial. The Court is now holding this instrument is not a filed paper in this case to be read to the jury having been previously stricken from the record by the Court.

"Mr. Gano: Your Honor refuses to permit me to read the instrument?

"The Court: Yes.

"Mr. Gano: To which we except."

We think these remarks by the trial court demonstrate sufficiently that the proffered pleading had, years before this trial, been stricken from the files of this case, and had not thereafter been refiled. Therefore this proposition is overruled.

We have carefully examined all the other propositions brought forward and conclude that they do not present error, and they are respectfully overruled.

The judgment of the court below is in all things affirmed.