The SOUTHERN UNDERWRITERS ET AL V. R. D. BOSWELL.

No. 7773.  Decided  January  7,  1942.
Rehearing  overruled  February  4,  1942.
(158 S. W., 2d Series, 280.)

*Will R. Saunders* and *Henry D. Akin,* both of Dallas, for plaintiff in error.

The Court of Civil Appeals erred in holding that it was not reversible error for the trial court to charge the jury that they should take into consideration only such incapacity that resulted directly from the injury, as same was in the nature of a general charge and does not submit to the jury any ultimate issue of fact but seeks to instruct the jury as to how they shall answer certain questions and is on the weight of the evidence and is likely to lead the jury to believe that the plaintiff was suffering some incapacity which would be compensable. Texas & N. O. Ry. Co. v. Crow, 132 Texas 465, 123 S. W. (2d) 649; Traders & Gen. Ins. Co. v. Shelton, 130 S. W. (2d) 903; Tex Jur., Vol. 41, 1011, 1064.

*Gillen, Francis & Gallagher,* of Dallas, and *Bullington, Humphrey & King,* of Wichita Falls, for defendant in error.

The objection of plaintiff in error that the charge was a general charge was too vague and meaningless to be considered on appeal. Isbell v. Lennox, 116 Texas 522; 295 S. W. 920; Federal Underwriters Exchange v. Walker, 134 S. W. (2d) 388.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a workmen's compensation case. The Court of Civil Appeals affirmed a judgment in favor of the employee 141 S. W. (2d) 442.

■ The insurance company contended that the disability of which the employee was suffering was due to arthritis contracted prior

to his injury. The case was submitted to the jury on special issues, and issues were submitted for the purpose of determining the incapacity, if any, suffered by the employee as a result of the injury in question. In connection with these issues, the court instructed the jury as follows:

"In answering all of the issues in this charge with respect to incapacity or partial incapacity of the plaintiff, if any, you are instructed you may only take into consideration such incapacity, if any, that directly resulted from an injury, as that term has been defined, such diseases, if any, as naturally resulted from such injury, and the extent of the aggravation, if any, of any pre-existing diseases or bodily defects existing at the time of such injury, if any. You are instructed that you must not take into consideration in determining the amount of incapacity, if any, any disability which was the natural and probable result of any pre-existing disease or bodily ailment of the plaintiff."

The insurance company objected to this portion of the charge on the ground that it was a general charge, and that the giving thereof violated the rule against the giving of a general charge in a case submitted to a jury on special issues. In view of the insurance company's contention that the disability of the employee was due to a prior illness, it was proper for the court to so instruct the jury notwithstanding the fact that the case was submitted to the jury on special issues. Dallas Railway & Terminal Co. v. Ector, 131 Texas 505, 116 S. W. (2d) 683. Furthermore, we hardly see how the instruction could result in any injury to the insurance company, as the charge was favorable to it. Moreover, the record discloses that at the time the charge was originally prepared it did not contain the instruction here complained of, and that counsel for the insurance company then objected to the charge as follows:

"The court has failed to instruct the jury as a matter of law that this plaintiff is only entitled to recover for an injury as a result of the accident sustained by him on July 30, 1938, and would not be entitled to recover for any disability he is suffering from at this time that was caused by any arthritic condition or some preexisting disease or by some bodily ailment or defect that the plaintiff had."

The instruction here complained of was doubtless given in response to the above-quoted objection, and any error resulting

from the giving thereof was invited by the insurance company.

Special Issue No. 7 was as follows:

"Do you find from a preponderance of the evidence that plaintiff, R. D. Boswell, has or will suffer partial incapacity to labor as a result of the injuries, if any, sustained on July 30, 1938?

"Answer Yes or No."

■ It is contended that this issue submitted two questions in one in violation of the provisions of Article 2189, Revised Statutes, in that it submitted the question as to whether the employee had therefore suffered any partial incapacity, and also the question as to whether he would suffer any such incapacity in the future. We do not think that any injury resulted to the insurance company from this method of submitting the issue. The court had previously submitted the issue as to whether there was total disability at any time resulting from the injury, and if so, the duration thereof. The issue here under consideration was submitted for the purpose of determining whether the disability, if any, resulting therefrom was at any time only partial. It is true that the issue inquired as to whether there had been any partial disability prior to the trial, and also as to whether, in the opinion of the jury, there would be any partial disability in the future; but this was not a case in which the insurance company would have obtained an advantage by a favorable answer to one of the questions without a favorable answer to the other one also. Here, if the jury found either that the employee had suffered partial disability prior to the trial, or that he would suffer such disability after the trial, the employee would be entitled to an affirmative answer to the issue. Other questions were submitted for the purpose of determining how long such partial disability, if any, had lasted or would last, and the percentage thereof, which issues were to be answered in the event the jury found that there had been or would be partial disability at any time. The employee could not have obtained a judgment for partial disability without satisfactory answers to these subsequent issues showing explicitly the duration and percentage of such partial disability. Answers to these issues would have given the insurance company a clear and exact picture of the jury's findings as to the duration of both total and partial disability, if any. It is clear, therefore, that the insurance company suffered no injury from this method of submitting partial

disability. Traders & General Ins. Co. v. Patterson, 123 S. W. (2d) 766; Fidelity & Casualty Co. of New York v. Branton, 70 S. W. (2d) 780 Maryland Casualty Co. v. Brown, 110 S. W. (2d) 130; Traders & General Ins. Co. v. Baker, 111 S. W. (2d) 837; Traders & General Ins. Co. v. Belcher, 152 S. W. (2d) 525; United Employers Cas. Co. v. Knight, 139 S. W. (2d) 613; Maryland Cas. Co. v. Foote, 139 S. W. (2d) 602.

The insurance company objected to the above-quoted Special Issue No. 7 on the ground that it improperly placed the burden of proof. The issue placed the burden on the plaintiff of proving that the employee had suffered partial disability; whereas, the insurance company contends that it should have placed on plaintiff the burden of proving that the disability was not partial. We recognize that under our practice the matter of placing the burden of proof on the issue as to whether the employee suffered partial disability presents an anomalous situation. An employee having plead total disability could, if the evidence raised it, recover for partial disability without the necessity of having specially pleaded partial disability. Traders & General Ins. Co. v. Snow, 114 S. W. (2d) 682. He is therefore entitled to have the issue of partial disability submitted as an affirmative ground of recovery, so that if the jury does not find total disability, he may nevertheless recover for partial disability. In so far as he is seeking to recover for partial disability, he has the burden of proving by a preponderance of the evidence that he suffered partial disability. On the other hand, under the rules in force at the time this case was tried the insurance company under a general denial was entitled to show that the employee was only partially disabled as a defense to the employee's plea of total disability. 45 Tex. Jur. 164; Indemnity Ins. Co. of North America v. Boland, 31 S. W. (2d) 518 (writ refused); Traders & General Ins. Co. v. Blancett, 96 S. W. (2d) 420, par. 8. In so far as this defense is concerned, the employee in order to recover for total disability must prove by preponderance of the evidence that his disability is not merely partial. In other words, viewing it from one viewpoint the insurance company is entitled to have the burden placed on the employee to prove by preponderance of the evidence that he suffered some partial disability; whereas, viewing it from another viewpoint, the insurance company is entitled to have the burden placed on the employee to prove that his disability was not partial. It is apparent that it would be absurd to require that the same question be submitted twice, with the burden of proof one way in one question and the

other way in the other question. Since it is not practical to place the burden of proof both ways on the same question, it is deemed more advisable to place the burden on the employee of proving by a preponderance of the evidence that he suffered some partial disability. The insurance company urged partial disability only as a defense to the employee's claim of total disability. The issue submitting the question of total disability placed on the employee the burden of proving such total disability by a preponderance of the evidence. This necessarily required the employee to prove by a preponderance of the evidence that his disability was not merely partial. Therefore, in this way, the insurance company's rights in so far as the burden of proof on its *defense* of partial disability was concerned, were protected. In so far as the employee sought to recover for partial disability as an alternative, affirmative ground of recovery, it was proper to place on him the burden of proving that he suffered partial disability. This was the holding made by this Court in Wright v. Traders & General Ins. Co., 132 Texas 172, 123 S. W. (2d) 314. See also Traders & General Ins. Co. v. Belcher, 152 S. W. (2d) 525, par. 2. We hold that there was no error in the form of the foregoing question in so far as the matter of burden of proof is concerned.

Special Issue No. 1 was as follows:

"Do you find from a preponderance of the evidence that on the 30th day of July, 1938, the plaintiff R. D. Boswell sustained an injury to his body when he was struck by a man falling out of the derrick, while working for Jennings Drilling Company?"

The insurance company objected to this issue on the ground that it assumed that the employee was struck by a man falling out of the derrick while the employee was working for Jennings Drilling Company. It was not necessary for the issue nor the jury's finding in answer thereto to show the manner in which the injury was sustained. The criticism of this issue could have been avoided by submitting the issue in the usual form, which is as follows:

"Do you find from a preponderance of the evidence that the plaintiff R. D. Boswell sustained an accidental injury to his body on or about the 30th day of July, 1938?"

However, we agree with the holding of the Court of Civil Appeals that no injury resulted in this respect, because the evi-

dence was undisputed that the employee was struck in the manner as assumed in the special issue above quoted.

The employee alleged that while he was standing in a reclining position on the floor of a derrick that was being used for the drilling of a well, a man fell out of the derrick from a position approximately eighty feet above him and that the falling man struck the employee across the back, causing his head and other portions of his body to strike the floor of the derrick with great force. He alleged that the blow injured and bruised his head, causing a concussion of the brain, and that various portions of his back, spine, pelvis, and legs were severely injured. The insurance company here contends that there was no evidence of any concussion of the brain, and that as a consequence the form of Special Issue No. 1, above quoted, was objectionable because it did not confine the jury to the specific injuries alleged in the petition and supported by the evidence.

■ There appears to be some conflict among the decisions of the Court of Civil Appeals of this State as to whether an issue submitting to the jury the question of an employee's injury in a workmen's compensation case should confine the jury to the injuries set out in the pleadings. These conflicts are discussed by Mr. Preston Shirley in his article, "Special Issue Submission in Workmen's Compensation Cases," Vol. 18, Texas Law Review, 365, 371. It is held by some Courts of Civil Appeals, and especially in previous opinions of the Fort Worth court, that the issue must set out the specific injuries alleged in the petition and raised by the evidence and confine the jury to the consideration of such specific injuries. Security Mut. Cas. Co. v. Bolton, 84 S. W. (2d) 552, par. 4; Casualty Underwriters v. Lemons, 114 S. W. (2d) 333, par. 2; Southern Underwriters v. Wright, 142 S. W. (2d) 297, par. 4. In another line of cases it is held that where several injuries are alleged the only proper way to submit the same is to submit each alleged injury separately, and that to submit all of the injuries in one question is objectionable. Texas Employers' Ins. Assn. v. Watkins, 135 S. W. (2d) 296; Traders & General Ins. Co. v. Burns, 118 S. W. (2d) 391. Other courts hold that it is sufficient to inquire whether the employee sustained an accidental injury to his body on the occasion in question, without the necessity of setting out the various injuries mentioned in the pleadings. Southern Underwriters v. Thomas, 131 S. W. (2d) 409; Southern Underwriters v. Cooper, 138 S. W. (2d) 563, par. 10; Southern Underwriters v. Parker, 129 S. W. (2d) 738, par. 1 (writ

ref.) ; Traders & General Ins. Co. v. Wright, 144 S. W. (2d) 626, par. 4, (writ ref.) ; Postal Mut. Indemnity Co. v. James, 154 S. W. (2d) 148, par. 2; Hartford Accident & Indemnity Co. v. Vick, 155 S. W. (2d) 664, par. 1. We are of the opinion that this latter rule is the better one.

Of course, where the employee is relying on a specific injury, such as a hernia or the loss of an arm or a leg for which the statute allows a fixed compensation, there must be a finding of the specific injury relied on for recovery; but ordinarily where the employee relies on a general injury, and the injury described in the petition and those raised by the evidence are compensable, there is no need for the special issue to describe the injuries relied on, nor is there any necessity for the jury to find either separately or collectively that the employee sustained one or all of the exact injuries set out in the petition. It is sufficient that the jury merely find that the employee sustained an accidental injury to his body. It must be remembered that the purpose of the trial is to ascertain whether the employee sustained an accidental injury to his body in the course of his employment and the extent of the incapacity, if any, resulting therefrom. Ordinarily it is not material what part of the body was injured, provided the body was actually injured and incapacity resulted therefrom. The object in requiring the petition to set out the various specific bodily injuries relied on by the employee is only for the purpose of advising the insurance company as to the character of proof that it will be called upon to meet upon the trial of the case and to guide the trial judge in the admission of the evidence. Southern Underwriters v. Thomas, supra. It is mainly for the purpose of avoiding surprise. Where there is no material variance between the allegations of the petition as to the kind of injury claimed to have been sustained and the evidence offered in support thereof, there can be no surprise. Where there is material variance between the injuries alleged in the petition and some of those sought to be established by the evidence, the insurance company can protect itself by objecting to the evidence on account of the variance and moving for a postponement on account of the surprise, and, if necessary, by requesting an instruction of the jury not to consider injuries other than those set out in the petition. Of course, any such instruction should not refer the jury to the pleadings to ascertain what injuries were relied on, but the court in the instruction should set out what injuries are alleged and relied on by the employee. It is not necessary that the employee prove that he sustained each

of the injuries alleged in his petition. No useful purpose would be accomplished in separately submitting each of the alleged bodily injuries and asking the jury to find whether or not such injury was sustained. Neither would it be helpful to list all of the alleged injuries in a single issue and ask whether or not all or any of such injuries were sustained. In fact, either of these methods of submitting the issue to the jury would not only tend to confuse the jury but to overemphasize the extent of the alleged injuries, and this might result in an injustice of the insurance company. International-Great Northern R. Co. v. King, 41 S. W. (2d) 234. We are of the opinion that the issue complained of was not objectionable on the ground that it failed to confine the jury to the issues relied on in the pleadings.

We have carefully considered all other assignments and find no reversible error.

The judgments of the trial court and of the Court of Civil Appeals are affirmed.

Opinion delivered January 7, 1942.

Rehearing overruled February 4, 1942.