## ASSOCIATED EMPLOYERS LLOYDS v. DORSEY.

### No. 11666.

Court of Civil Appeals of Texas. Galveston.

Nov. 16, 1944.

Rehearing Denied Dec. 14, 1944.

Chilton Bryan, of Houston, for appellant.

W. H. Hanson and B. C. Johnson, both of Houston, for appellee.

CODY, Justice.

This is a workmen's compensation suit. It was instituted by Annie Lee Dorsey, a minor, through her father as next friend,

against appellant, as the insurance carrier for Houston Milling Company, Inc., to recover compensation for total and permanent disability of 401 weeks at $15 per week, alleged to have resulted from injuries suffered on May 24, 1943, while the said Annie Lee Dorsey, hereafter called appellee, was engaged in the course of her employment.

So far as need be noticed on appeal, appellee alleged: That while she was pushing a two-wheeled, two-handled truck loaded with several sacks of feed, each weighing about 100 pounds, the same suddenly ran back on her, causing her to fall flat on the concrete floor or runway. That she struck the back of her head on the concrete so that it stunned her, and knocked her senseless. She further alleged: "* * * that she suffered great and serious injury to the back of her head, her back, her female organs and to her abdomen by reason of such fall, and the loaded truck or parts thereof striking across her abdomen and the lower part of her body and hips; * * *." And she alleged further: "That as a result of the injuries * * * she suffered intense and excruciating pain and anguish in the back of her head, her back and limbs, and the lower part of her abdomen, and her female organs were seriously injured and damaged, and she was rendered wholly unable to do and perform any labor, * * *." Appellee further demanded a lump-sum disposition.

Appellant answered, denying that appellee suffered the injuries alleged, or that they were of the duration alleged, or that she was totally and permanently disabled as a result of any injuries received in the course of her employment, and denied any liability, and resisted the demand for lump-sum disposition.

At the conclusion of the evidence appellant moved for an instructed verdict which the court refused, and the case was submitted to the jury on special issues. Upon the answers of the jury thereto, the court rendered judgment in favor of appellee for compensation for 364 weeks, or seven years, at $15 per week, beginning on May 24, 1943, but less five weeks at $11.08 per week, previously paid, and denied the demanded lump-sum disposition. From such judgment appellant prosecutes its appeal.

Appellant seeks reversal of the judgment upon points which complain that there is no evidence to support the judgment, and no evidence to support the jury's findings, and that the same are contrary to the great weight and preponderance of the evidence. Appellant further complains that the jury's findings do not support the judgment, and that there are no pleadings to justify the submission of the special issues to the jury. Appellant further complains that appellee sued for damages for specific injuries, and that the special issues submitted the issue of general injury. Appellant further complained, alternatively, that the court should have rendered judgment for lump sum less six per cent, etc.

In view of appellant's complaint as to the sufficiency of the evidence to support the jury's answers to special issues Nos. 1, 2, 3, 4 and 6, and that appellee's pleadings would not justify their submission, it is necessary to set such special issues out, which is done by appending the substance of such special issues, as answered by the jury, to this opinion.

The evidence shows that at the time of the accident, May 24, 1943, the appellee was a big, strapping negro girl of 16 years of age. She was engaged as a "trucker" to wheel or push a truck on which sacks of grain were loaded. The truck was constructed on the wheelbarrow principle, except it had two, instead of one, wheels. Its weight, unloaded, was some seventy pounds. When resting upon the wheels, which were in front, and its legs or standards, which were in the rear, the truck stood something like a foot high. On the occasion in question the truck was loaded with five sacks of feed, each weighing 100 pounds. The appellee was caused to slip and fall backwards. The truck and sacks fell on her. She was at once carried to the hospital. Appellant's doctor released her to go back to work on July 15, 1943, but admitted that in his opinion she was totally disabled until he discharged her.

Opinion.

■ We have carefully considered the evidence and find it ample to support the jury's answers to special issues Nos. 1, 2, 3, 4, and 6. We overrule appellant's points 1, 4, and 6.

■ In its Point II, appellant complains of the court's submitting special issue No. 1, on the ground that the same was a general issue, inquiring as to an injury generally to appellee's body, whereas, appellee had pled special injuries, such as the back of her head, her back and limbs, the lower

part of her abdomen, and her female organs.

We overrule appellant's contention on authority of Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280, 284. There the Supreme Court, through Chief Justice Alexander, said in part, in overruling a like objection: "It must be remembered that the purpose of the trial is to ascertain whether the employee sustained an accidental injury to his body in the course of his employment and the extent of his incapacity, if any, resulting therefrom. Ordinarily it is not material what part of the body was injured, provided the body was actually injured and incapacity resulted therefrom." The court then goes on to hold that the object in requiring allegations of specific injuries is only for the purpose of advising the insurance company of the character of proof it will be required to meet. We overrule appellant's Point II.

In its Point III, appellant, alternatively, complains that the court did not render judgment for appellee for the total weekly recovery, less the lump-sum discount as provided for under Section 15 of Article 8306, and Article 8306a, Vernon's Ann.Civ.St.

The jury found in its answer to special issue No. 6, that manifest hardship and injustice will result to appellee if appellant is not required to redeem its liability by payment of the judgment in a lump sum. However, it also found, in answer to special issue No. 3, that the total disability is not permanent, in that it was found it would last for seven years. Section 15, Article 8306, provides that in cases where death or total permanent incapacity results from an injury, that the liability of the insurance carrier may be redeemed by payment of the judgment in a lump sum. Since the injury did not result in death or total permanent injury, the court was not authorized to render judgment for the lump-sum settlement. In oral argument appellee's counsel said appellee would like it well if judgment for a lump-sum disposition could be made. We overrule appellant's Point III.

The judgment must be affirmed, and it is so ordered.

Affirmed.

### Appendix.

1. Appellee suffered injury as a result of the accident of May 24, 1943.

2. Appellee suffered total disability as a result of the injury sustained by her, May 24, 1943.

3. Such total disability has existed and will exist from May 24, 1943, to May 24, 1950.

4. Appellee suffered no partial disability.

6. Manifest hardship and injustice will result to appellee if appellant is not required to redeem its liability by payment of a lump sum.

8. That appellee's disability to work was not produced solely by disease or other conditions of her body, but naturally resulted from injury received by her on May 24, 1943, while working for the Houston Milling Company.