**TRAVELERS INSURANCE COMPANY, Appellant,**

v.

**E. J. LOWE, Appellee.**

No. 3334.

Court of Civil Appeals of Texas.

Eastland.

Aug. 2, 1957.

Rehearing Denied Sept. 6, 1957.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Merchant & Fitzjarrald, Amarillo, for appellee.

LONG, Justice.

This is a workmen's compensation case wherein E. J. Lowe sought benefits for injuries sustained by him on or about the 29th day of July, 1955, while an employee of Rowan Drilling Company, Inc. Lowe alleged that he suffered the total loss of the use of his left hand and fingers for a period of 119 weeks from the date of the injury. Travelers Insurance Company was the insurer of the employer. After trial to a jury judgment upon its verdict was rendered awarding Lowe recovery of $25 per week for 119 weeks commencing July 29, 1955, for fifty percent loss of the use of his left hand. The insurance company has appealed.

By its first point appellant contends the finding of the jury that appellee sustained a fifty percent loss of the use of his left hand for 119 weeks is not supported by the evidence. By point number two appellant contends such finding is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. We overrule these points. Appellee was employed as a rough neck on a drilling rig on July 29, 1955, and on said date his left hand became entangled in a chain in said rig whereby he received an injury to his left hand. We have carefully examined the evidence and find that it is sufficient to support the finding that appellee sustained a fifty percent loss of the use of his left hand for 119 weeks as a result of such injury. We have also concluded that the jury's finding is not so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. American Employers Ins. Co. v. Climer, Tex.Civ.App., 220 S.W.2d 697 (No Writ History); Lumbermen's Mut. Casualty Co. v. Zinn, Tex.Civ.App., 220 S.W.2d 906 (R. N. R. E.).

By points three and four appellant asserts the court erred in rendering judgment for appellee for the loss of the use of his left first finger and his left third finger. These points are overruled. The judgment did not allow recovery for the loss of either of these fingers.

By point five appellant contends the trial court erred in defining hand as "that portion of a person's body below the elbow and above the fingers". We find no merit in this point. It is apparent from the record that the court did not define hand in the original charge. Counsel objected to said charge and the instruction given by the court seems to have been given for the purpose of meeting said objection. The instruction given was in substantial compliance with the objection directed to the charge by the appellant. Under such circumstances no reversible error appears. Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280. We find no reversible error in the points presented and the judgment of the trial court is affirmed.