I.C.T. INSURANCE COMPANY, Appellant,

v.

O. A. WINEMAN, Appellee.

No. 5236.

Court of Civil Appeals of Texas.

El Paso.

Dec. 30, 1957.

Rehearing Denied Jan. 15, 1958.

Thornton Hardie, Jr., Turpin, Kerr & Smith, Midland, for appellant.

W. R. Barnes, John J. Watts, Odessa, for appellee.

HAMILTON, Chief Justice.

This is a workmen's compensation case filed by the plaintiff, O. A. Wineman, seeking the maximum benefits under the workmen's compensation law of the State of Texas. The case was tried by a jury in the District Court of Ector County, and, based on answers to questions submitted to the jury, the court entered judgment for O. A. Wineman, appellee herein, for the maximum benefits allowed under the law. From such judgment appellant, I.C.T. Insurance Company, brings this appeal.

At the time of appellee's alleged injury he was working as a tool dresser on cable tools, for the Art West Drilling Company. Appellee's immediate superior was the driller, Homer Harkey. It appears that the appellee, Wineman, worked some seven days after his alleged injury, during which time he had made no complaint either to Homer Harkey or anyone else working for Art West Drilling Company. When he failed to show up for work on October 27th, Homer Harkey went to Wineman's house to see why he was not at work. He was told by Wineman's wife that Wineman was sick and was not able to go to work. On that day Wineman reported to a Dr. Lund, in Odessa, complaining of severe pain in his back. He explained to the doctor how he got hurt some seven days previously on the job while working for Art West Drilling Company. The doctor treated him for some four and a half months and discharged him, saying that after a few weeks of light work he would be able to go back to his regular job of tool dressing. Wineman did not return to work, light or otherwise, and had not worked any up to the date of trial, his contention being that he was in such pain and was suffering so that he could not work. Harkey and other witnesses who had worked with Wineman testified that he had never complained before of back pains, and had always been a good and dependable worker, above the average. Wineman testified that he was making $1.50 per hour, and with overtime, he would make "take-home" pay of about $112 a week. He testified that he had not worked as a tool dresser for 300 days during the previous year, and also testified that he didn't know of any other man in the same class of work who had worked as much as 300 days from October 20, 1953, to October 20, 1954, the date of his injury. Harkey testified, in answer to a question as to whether he knew of anyone that had worked as much as 300 days as a tool dresser the previous year, "I don't know. I haven't kept any records." There was no other testimony on wage rate issues.

The court submitted Issues 15, 16 and 17 for the purpose of determining the wage rate of appellee under Sections 1, 2 and 3 of Article 8309, Revised Civil Statutes of Texas. Issue No. 15 inquired as to whether or not the appellee had worked in the employment in which he was working at the time of his injury for substantially the whole of a year immediately preceding the date of the injury. The jury answered that he had so worked for substantially a year. Issues 16 and 17, which pertained to Sections 2 and 3, of course were not answered. When the jury returned its verdict, the court would not accept it, since both appellee and appellant contended that all the evidence showed that appellee had not worked substantially a year previous to his injury. Then the court sent the jury back to reconsider, with the additional instruction that they must answer Issue 17, which in-

quired as to what would be a just and fair wage. To this issue, the jury answered "$104.00". Based on this answer, the court rendered its judgment for the maximum benefits, the jury having found appellee totally and permanently disabled. In doing so the court necessarily held, as a matter of law, that the evidence showed there were no other employees of the same class as Wineman who worked substantially the whole of a year immediately preceding Wineman's injury.

The appellant's first five points complain of the court's method of determining the wage rate for the employee. Appellant objected to the submission of Special Issue No. 16 on the ground that there was no evidence to support the submission of such issue; and second, since there was no evidence upon which to submit Special Issue No. 16, Special Issue No. 17 should not have been submitted. Third, the court having additionally charged the jury that they must answer Special Issue No. 17, was in error in refusing to grant defendant's request that the jury be instructed that they must answer Issue No. 16. Fourth, error in rendering judgment for plaintiff without proper findings of wage rate; and fifth, in not granting judgment based on minimum wage rate.

The one question involved in all said five points raised by appellant is whether or not the court was correct in instructing the jury to answer Issue No. 17 without requiring the jury to answer Issue No. 16. We have concluded that the court was correct in such instruction. The plaintiff, Wineman, was shown to have been a tool dresser since 1917, and had worked in the oil fields in and around Ector County as a tool dresser for a number of years, and undoubtedly knew many other tool dressers in that area and was in excellent position to know whether or not any tool dressers in that area had worked as many as 300 days in the year preceding plaintiff's injury. He testified that he did not know of anybody that worked as a tool dresser or performed similar type of employment in Ector County or vicinity for as much as 300 days from October 20, 1953, to October 20, 1954. There was no serious attack made upon the credibility of Wineman, the plaintiff. In fact, appellant's attorney agreed that Issue No. 15 should not have been submitted to the jury because all the evidence showed that appellee had not worked as a tool dresser substantially a year prior to the date of the injury; yet the only testimony on the question was the testimony offered by the plaintiff himself. We do not think the case of Texas Employers Insurance Ass'n v. Ford, 153 Tex. 470, 271 S.W.2d 397, by the Supreme Court of Texas, cited by appellant, is in point. In that case the question asked the plaintiff was, did he know *if* anyone had worked substantially a year prior to the injury. Judge Hickman construed an answer of "No" to that question to mean that the witness did not know whether anyone had so worked or not; but the question in the case before us inquired of the witness if he knew *of* anyone who had so worked. It has been held that if one is in a position to know of the existence of a fact, if such fact does exist, but does not know of such fact, such constitutes evidence of probative value. This is especially true when no effort is made by the opposing party to prove the contrary: Dixon v. Texas & P. Ry. Co., Tex.Civ.App., 164 S.W.2d 252 (wr. ref. w. m.). Appellant quotes from Traders & General Insurance Co. v. Milliken, Tex.Civ.App., 87 S.W.2d 503, at page 505, as follows:

"The evidence as to subdivision 1 came only from plaintiff, an interested witness, and under circumstances which we deem sufficient to require its submission as an issue to the jury."

It will be noted that the court stated "under circumstances which we deem sufficient to require its submission as an issue to the jury." In that case the plaintiff was seeking to recover compensation for a back injury. He had testified that his back was in good condition prior to his alleged injury. Yet he admitted that he was drawing com-

pensation from the Federal Government, and had been so drawing for some 14 or 15 years, for a back injury received during his Army service. The record also showed, besides the back injury received in his Army service, he had collected compensation for two other back injuries prior to the injury for which he was then suing. Appellant also cites Texas Employers Insurance Association v. Curry, Tex.Civ.App., 290 S.W.2d 767 (this court), wherein we held that the court was in error in not submitting the issue under section 1, Subdivision 1 of Article 8309, R.C.S., because the only testimony bearing on that issue was from the plaintiff himself. However, in that case the plaintiff had testified that he worked 38 days as a roughneck immediately prior to his injury, and the rest of the previous year he had worked as a driller. There was a dispute as to whether the work of a driller and that of a roughneck were similar work and, also, the credibility of the plaintiff in that case was vigorously attacked by the insurance company. As bearing on the credibility of the plaintiff, the insurance company was permitted to show that the plaintiff had recently been convicted of a felony in two different cases.

We think that the tendency shown by recent decisions of our courts is to require slight proof to negative section 1, Subdivisions 1 and 2 of said Article 8309, especially where no real contest is made of the wage issues: Transport Ins. Co. v. Cossaboon, Tex.Civ.App., 291 S.W.2d 746; Texas Employers Ins. Ass'n v. Locke, Tex.Civ.App., 224 S.W.2d 755; Employers' Liability Assur. Corp., Ltd. v. Manning, Tex.Civ.App., 188 S.W.2d 268 (wr. ref. w. m.); Southern Underwriters v. Boswell, Tex.Civ.App., 141 S.W.2d 442 (which opinion was affirmed by our Supreme Court in 138 Tex. 255, 158 S.W.2d 280). Harkey was shown to have been in an excellent position to know whether anybody had worked as a tool dresser for as much as a year. He himself was a driller, and he had to have

tool dressers working for him. The trial court heard the witness testify and, depending upon the manner in which the witness answered, could very well have given his answer some probative value on said Issue No. 16.

■ In appellant's Point 6, he complained that the court committed error in overruling defendant's objection to testimony regarding the physical disabilities of the plaintiff. We overrule this point as being without merit. After appellee brought out from appellee's wife that she was working, appellant brought out the amount she was drawing in wages. Appellee was entitled to show the uncertainty of her ability to continue work, as bearing on the question of whether or not plaintiff would be entitled to a lump sum payment.

■ Appellant's Point 7 complains that the court committed error in refusing to sustain its motion for mistrial on the ground that the jurors had used a dictionary while deliberating on their verdict. The court questioned the jurors regarding such conduct and, after hearing their testimony, concluded that the misconduct of the jury in using a dictionary was not shown to be harmful. The testimony given by the jurors is not before us, so we have no other choice than to uphold the trial court in its finding.

We overrule appellant's Point No. 8, complaining that the trial court committed error in overruling appellant's objections to the leading questions and suggestive manner in which plaintiff's medical witness was examined. While we believe that some of appellant's objections should have been sustained, after reading all of the medical witness' testimony we have concluded if any such error was committed, it was harmless.

The decision of the trial court is affirmed.