**IOWA MUTUAL INSURANCE COMPANY,**
Appellant,

v.

**I. D. REDDEN, Appellee.**

No. 3629.

Court of Civil Appeals of Texas.

Waco.

June 18, 1959.

Rehearing Denied Aug. 4, 1959.

Bryan & Patton, Houston, for appellant.

Helm, Jones, McDermott & Pletcher, Houston, for appellee.

WILSON, Justice.

In a workmen's compensation case the court sustained appellee's motion to disregard a jury finding favorable to appellant on the issue of whether there was another employee who had worked substantially the whole of the year preceding the date of accident.

The evidence and jury findings negatived subsection 1 of Art. 8309, Sec. 1, Vernon's Ann.Tex.Stats. No issue was submitted as to average weekly wage of another employee under subsection 2 of the statute. To the issue on a "just and fair" average weekly wage under subsection 3, the jury answered $75. Having disregarded the answer (that the jury did not find from a preponderance of the evidence that there was not another employee who worked substantially the whole of the year) on the ground it had no support in the evidence, the court rendered judgment based on the subsection 3 finding.

The claimant had the burden of establishing that his average weekly wages could not be computed under subsections 1 or 2 before resorting to subsection 3. Texas Employers' Ins. Ass'n v. Ford, 153 Tex. 470, 271 S.W.2d 397, 399; Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80, 84. To sustain the action of the court in disregarding the finding, there must be no evidence of probative force supporting it. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194. Rule 301, Texas Rules of Civil Procedure.

Although appellee's evidence would have supported a finding in his favor eliminating subsection 2, it cannot be said it established the issue as a matter of law. Claimant testified he had been working for his employer as a machinist for 30 days.

Before this he had been working for a tire and battery business for three years. He did not know of anyone who had worked as much as 300 days in the same or similar employment in the vicinity of Houston. From talking to others and familiarity with machine shops he knew of no one so working for 290, 280, or 270 days.

Cross-examination elicited facts showing claimant's basis for knowledge and investigation was limited to talking to employees "at that barrel place on Sabine." Other circumstances put his credibility in issue.

The jury finding is not that there *were* other employees, under subsection 2. The effect of its finding is that appellee failed to discharge his burden.

Appellee cites Commercial Standard Ins. Co. v. Villa, Tex.Civ.App., 313 S.W.2d 627, writ ref. n. r. e., holding that it was not necessary under the evidence to submit an inquiry under subsection 2. In that case, however, there was undisputed evidence from a witness other than claimant that the nature of the business was not sufficiently regular to permit employment substantially a year.

The Villa case followed I. C. T. Ins. Co. v. Wineman, Tex.Civ.App., 308 S.W.2d 549, writ ref. n. r. e., by the El Paso court. In the opinion, that court refers to its own decision in Texas Employers' Ins. Ass'n v. Curry, Tex.Civ.App., 290 S.W.2d 767, writ ref. n. r. e., pointing out that in the latter case, as in ours, "the only testimony bearing on that issue was from the plaintiff himself [308 S.W.2d 552]; that there, plaintiff had worked only 38 days as a driller, was previously a roughneck; and that bearing on his credibility, as here, there was a showing of felony conviction.

In Texas Employers' Ins. Ass'n v. Collins, Tex.Civ.App., 321 S.W.2d 119, writ ref. n. r. e., the only question passed on was propriety of disregarding answer to an undisputed issue under subsection 1. In American General Ins. Co. v. Hightower,

Tex.Civ.App., 279 S.W.2d 397, writ ref. n. r. e., the carrier was complaining the evidence was insufficient to support a finding under subsection 2. It was held testimony of claimant's attorney sustained the jury answer. The evidence in the instant case would also have sustained a contrary answer. In Southern Underwriters v. Boswell, Tex.Civ.App., 141 S.W.2d 442, affirmed 138 Tex. 255, 158 S.W.2d 280, two witnesses besides plaintiff testified to the facts. The Supreme Court did not discuss the question, but the Court of Civil Appeals' holding simply was that the hearsay rule should be relaxed so as to let these witnesses testify from "what they had been told" as to other employees.

We are unable to distinguish between the present case and Texas Employers' Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80. It is directly in point with the facts here. Judge Smedley's opinion determines that since the only evidence was from the plaintiff, even though uncontradicted, the trial court was not authorized to disregard the jury's answer. Appellant's first and second points are sustained. Other points have been considered and are overruled.

The judgment is reversed and the cause remanded.

### On Motion for Rehearing

Appellee tenders a remittitur to the minimum compensation rate, subject to his contention for affirmance. The judgment of this court heretofore rendered reversing and remanding this cause is set aside and the judgment of the trial court is reformed so as to compute compensation on this basis in accordance with our judgment this day rendered, and as so reformed, is affirmed. Texas Employers' Ins. Ass'n v. Lightfoot, 139 Tex. 304, 162 S.W.2d 929, 931. Appellee's motion for rehearing is otherwise overruled.