ARTHUR H. MASTON v. TEXAS EMPLOYER'S INSURANCE ASS'N.

No. A-7268. Decided February 3, 1960.
Rehearing Overruled March 2, 1960.
(331 S.W. 2d Series 907)

*Huff & Splawn* and *Forrest Bowers,* of Lubbock, for petitioners.

*Vickers & Vickers* and *John Vickers,* all of Lubbock, for respondent.

MR. JUSTICE GREENHILL delivered the opinion of the Court.

This is a workmen's compensation case. The principal question is whether the special issue as to injury was correctly submitted to the jury. In the trial court, Arthur Maston, the injured employee, recovered a sum of money for total disability for 180 weeks. That judgment was reversed by a divided Court of Civil Appeals. 321 S.W. 2d 343. We here reverse the judgment of the Court of Civil Appeals and affirm the judment of the trial court.

The pleading, the facts, the special issues submitted, and the special issues which were requested by the insurance carrier but refused by the trial court are set out at length in the opinion of the Court of Civil Appeals. 321 S.W. 2d 343. Only the substance of them will be repeated here.

Arthur Maston, the employee, alleged that he severely injured himself while in an awkward position and attempting to lift a 100-pound sack of cotton-seed hulls from the packer to some scales. His allegations were that he suffered a ruptured disc, injured the muscles, ligaments, nerves, and blood vessels in his back, lower back and lower extremities, and that he was totally and permanently disabled.

Approximately three months before trial, he filed a trial amendment which alleged that "he seriously aggravated a pre-existing condition, which coupled with the injuries" received on the date of his injury caused him to be totally and permanently disabled. No special exceptions were filed to Maston's original petition or his trial amendment.

On the trial, Maston testified that while lifting the 100-pound sack, he fell backward across the scales. He described his pain, his various symptoms, and his disability. He did not purport to testify, in medical terms, what his injuries were.

The fact that Maston was injured at all as well as the nature and extent of his injuries were contested. The testimony fills two volumes. The doctor called by Maston definitely testified, however, that in his opinion Maston had suffered a ruptured disc in his back in the accident in question, and that, in his opinion, Maston was totally and permanently disabled.

Maston had a congenital condition in his prostate and reproductive area. After his accident, among other symptoms, he began to have a discharge of pus. A physician testified that after Maston's fall, there was a marked soreness in this area. The doctor for the insurance company diagnosed the soreness and the discharge as an inflamed epididymis. There was medical testimony that the aggravation of this congenital condition and the discharge of pus could not have been caused by lifting the hulls or by the fall. But the doctor put on the stand by Maston stated that the trauma produced by a fall on the back could inflame the epididymis and that it was medically probable that a discharge could result from an inflamed epididymis. The discharge had ceased before trial. Maston's physician testified that the inflamed epididymis and discharge would be disabling only while the condition was acute. While there was no medical testimony as to duration of the acute or disabling condition, the treating physician, called by the insurance company, said that there was an infection of the prostate gland some seven or eight months after the alleged injury and that Maston had chronic prostatitis and mild epididymitis.

The jury found that Maston sustained a personal injury to his body in the course of his employment; that he suffered a total incapacity for 180 weeks from the date of the injury; and that Maston's incapacity to work was not solely the result of prior injuries, diseases, infirmities, or the combination thereof. The judgment for Maston based on the jury's verdict was reversed because of the submission of the first issue with regard to Maston's injury, one judge dissenting.

The first issue asked whether Maston "sustained an accidental personal injury or injuries *to his body* on or about August 7, 1956," the date of his alleged injury. (Emphasis added.) In connection with the issue, the jury was instructed that the term, "personal injury," should be considered to mean "damage or harm to the physical structure of the body and such disease and infections as naturally result therefrom, or the incitement, acceleration, or aggravation of any disease, previously

or subsequently existing by reason of such damage or harm to the physical structure of the body."

The insurance carrier objected to the issue and to the instructions given with it. It requested the court to submit an issue as to whether Maston sustained an injury *to his back by falling across the scales*. In the alternative it requested an issue as to whether he sustained injury *to his back*.

Thus the issue given inquired whether Maston sustained an injury *to his body*. The requested issues would have specifically asked if he injured *his back;* and more specifically, whether he injured *his back by falling across the scales*.

The insurance carrier objected to the general submission as to injury [was there an injury to Maston's body] because it left the jury free to speculate.

Before the opinion of this Court in 1942 in *Southern Underwriters v. Boswell,* 138 Texas 255, 158 S.W. 2d 280, there was considerable disagreement among the Courts of Civil Appeals as to the necessity of submitting to the jury specifically alleged injuries where the claimant sought damages for total and permanent disability. For example, in *Southern Underwriters v. West,* 126 S.W. 2d 510, writ refused, the claimant alleged various injuries, mainly to his neck. The proof adduced varied from the actual injury alleged. The insurance carrier requested issues which would have asked about injury to particular parts of the claimant's body. The issue submitted was simply whether there had been injury to claimant. The San Antonio Court of Civil Appeals reversed the case mainly because of the general submission of the injury question.

A little later, the Beaumont Court of Civil Appeals handed down *Southern Underwriters v. Parker,* 129 S.W. 2d 738, writ refused. Again the claimant alleged total disability based on specific allegations of injuries to his eyes, nose, throat and respiratory organs caused by exposure to unlighted natural gas flares. The insurance carrier, as here, requested that the jury be asked whether the claimant was injured as a result of exposure to the gas. As here, the issue submitted by the court asked whether the claimant suffered personal injuries on the date alleged. The insurance carrier, as here, objected that the issue was vague and allowed the jury to speculate. The objection was overruled, and the judgment for the claimant was affirmed.

Chief Justice Alexander reviewed the conflicting cases in the *Boswell* case, supra, and concluded that the line of cases including the *Parker* case, supra, was "the better rule."

In the *Boswell* case, a worker on an oil derrick was injured when a fellow employee fell on him from out of the derrick superstructure. He alleged various injuries to his head, back, and legs, including a brain concussion. There was no evidence concerning the brain concussion, and the insurance carrier objected to the general submission as to injury because it did not confine the inquiry to the injuries proved. Nevertheless, the issue was submitted: "Do you find * * * that the plaintiff R. D. Boswell sustained an accidental injury to his body * * * ?" The issue was followed with instructions as to aggravation of previously existing diseases or bodily defects. The judgment for Boswell, based on this submission, was affirmed.

This Court in the *Boswell* case, in an effort to put the matter at rest, set out a suggested issue as to injury:

"Do you find from a preponderance of the evidence that the plaintiff * * * sustained an accidental injury to his body on or about the 30th of July, 1938?"

Except for the name of the claimant and the date, the issue submitted in this case is exactly the issue which this Court said in the *Boswell* case would be correct.

The reasons for the holdings in the *Boswell* case are set out by Chief Justice Alexander:

"It is sufficient that the jury merely find that the employee sustained an accidental injury to his body. It must be remembered that the purpose of the trial is to ascertain whether the employee sustained an accidental injury to his body in the course of his employment and the extent of the incapacity, if any, resulting therefrom. Ordinarily it is not material what part of the body was injured, provided the body was actually injured and incapacity resulted therefrom. The object in requiring the petition to set out the various specific bodily injuries relied on by the employee is only for the purpose of advising the insurance company as to the character of proof that it will be called upon to meet upon the trial of the case and to guide the trial judge in the admission of the evidence. Southern Underwriters v. Thomas, supra. It is mainly for the purpose of avoiding surprise * * * . It is not necessary that the employee prove

that he sustained each of the injuries alleged in his petition. No useful purpose would be accomplished in separately submitting each of the alleged bodily injuries and asking the jury to find whether or not such injury was sustained. Neither would ·it be helpful to list all of the alleged injuries in a single issue and ask whether or not all or any of such injuries were sustained. in fact, either' of these methods of submitting the issue to the jury would not only tend to confuse the jury but to over-emphasize the extent of the alleged injuries, and this might result in an injustice to the insurance company." 158 S.W. 2d ·at 284.

**1** Under the authority of the *Boswell* case, we hold that the trial court did not err in submitting the issue as to whether Maston sustained an accidental injury to his body.

**2** In arguing the case to the jury, Maston's counsel argued that the jury could take into consideration the aggravation of the pre-existing condition of ·Maston's prostate and other organs. Counsel for the insurance carrier objected to Maston's counsel's jury argument because he (Maston's counsel) misinterpreted the court's charge. The objection was that Maston's counsel wrongfully told the jury that Maston· could recover for aggravation without also saying that the aggravation must result from damage or harm to the physical structure of the body. Maston's counsel replied·by reading the portion of the charge which *does* limit aggravation "by reason of such damage or harm to the physical structure of the body." Maston's counsel thereafter repeated the statement which the carrier's counsel regarded as erroneous.

The argument was such as could have been cured by proper instruction from the court. But counsel for the carrier did not request such instruction. Indeed he did not procure any ruling from the court whatsoever. Under the circumstances, the argument does not present reversible error.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered February 3, 1960.

Rehearing overruled March 2, 1960.