AMERICAN MOTORISTS INSURANCE COMPANY, Appellant,

v.

Carl M. McNIEL, Appellee.

No. 16736.

Court of Civil Appeals of Texas.

Fort Worth.

June 17, 1966.

Rehearing Denied July 15, 1966.

Stone, Parker, Snakard & Brown, James B. Barlow and G. W. Parker, Jr., Fort Worth, for appellant.

Jack Gray, Denton, Hill, Paddock & Street and John G. Street, Jr., Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This is a workmen's compensation case in which the insurer contends there is no evidence or insufficient evidence to sustain the jury verdict of total permanent disability on which judgment was entered. We affirm.

The claimant returned to work about two or three weeks after his accident. After working for about four months following his return he changed employment to work for Dairy-Pak, Inc. The heavy work of loading trucks there bothered his back and he quit and went to work for Shannon Funeral Home driving an ambulance, "side riding" and working funerals. He was so employed at time of trial. According to the carrier's interpretation of the evidence the incapacity will not meet the requirements prescribed in Texas Employers' Insurance Association v. Hawkins, 387 S. W.2d 469 (Amarillo Civ.App., 1965, writ ref. n. r. e.) and Texas Employers' Ins. Ass'n v. Mallard, 143 Tex. 77, 182 S.W. 2d 1000, 1001. It is conceded the evidence may raise partial incapacity but appellant contends it will not legally or factually support total permanent. This is based on the assertion that throughout the trial the claimant's attorney, by his questions to witnesses and otherwise, was contending that the total and permanent incapacity was based on claimant's inability to perform a job requiring him to bend, stoop and lift without having back discomfort, and that this is not enough to support a finding of total permanent.

The plaintiff according to the evidence was involved in a violent collision between two trucks which exerted great force on plaintiff's body. There was medical testimony that the plaintiff was not able to perform the usual tasks of a workman requiring heavy lifting and bending and that there would be some degree of permanency involved. He had to quit two jobs because of his back pain. He had a chronic lumbosacral sprain and a disc involvement of the 4th lumbar vertebra with the disc being disrupted or pushed out away from its normal position. Protrusion of a disc and disruption of the nerve sleeve between the 4th and 5th lumbar vertebrae was shown by a myelogram. There is evidence of work under economic compulsion. He is working for less money now and has for the most part since the accident. Activity aggravates his ailment and produces acute pain in his back, hips and legs. Almost every day, after about a week on the Dairy-Pak job, the claimant's right leg, hip and back would start hurting him; every day it kept getting a little worse. After three or four weeks here he had to quit because of his back. According to the witness

Crites, the accident in which claimant was involved shook the ground. You could hear it all over town. He did not expect him (claimant) to come out of the collision alive, and having observed him after the accident did not figure he would ever live to get to the hospital. Claimant was rendered unconscious by the collision and confined to the hospital on two different occasions.

The hospital records were introduced and claimant's mother and wife testified as to condition of claimant before and after accident and the insurer's physician testified that there was asymmetry of the nerve root sheaths, which is abnormal. In Texas General Indemnity Company v. Deaton, 380 S.W.2d 719, 721 (Fort Worth Civ.App., 1964, writ ref. n. r. e.) this court in overruling a contention that the findings were against the great weight and preponderance of the evidence said, "It has been held, however, that in some situations it is not necessary to present physicians as witnesses in order to prove the extent of an injury." Cases cited.

There is evidence which supports the appellant's contentions and other evidence which sustains the verdict. The points are overruled. Trinity Universal Insurance Company v. Scott, 342 S.W.2d 348 (Fort Worth Civ.App., 1961, writ ref. n. r. e.); Argonaut Insurance Company v. Shawver, 375 S.W.2d 510 (Dallas Civ.App., 1964, writ ref. n. r. e.).

Further complaint is made of the court's submission of issues inquiring into (1) an average weekly wage fair and just to both parties over the objection it was not conditioned on a finding that the average wage could not be proved under Subsection 2, Sec. 1, Art. 8309 Vernon's Ann. Tex.Civ.St., and (2) whether other employees of the same class had worked at least 210 days, etc. Concerning the latter issue the appellant contends that the affirmative submission of this issue improperly placed the burden of proof. There is no assignment of error in appellant's amended motion for new trial which in any way directs the attention of the court to or refers to the burden of proof or the proper placement thereof. Error presented on appeal must be predicated upon matter complained of in a motion or amended motion for new trial. Unless a party objecting to a charge distinctly points out the matter to which he objects and the grounds therefor, it is deemed waived. Rule 274, Texas Rules of Civil Procedure.

All the evidence in the case shows that the appellee was entitled to a weekly compensation rate of $35.00 and that the matter of wage rate was fairly submitted by the trial court and without harm to appellant. Rule 434, Texas Rules of Civil Procedure. The latter offered no evidence in regard to Subdivision 2, Sec. 1, Art. 8309, supra. There was testimony that no one in the area was engaged in a similar type of work. The testimony was based on inquiry and investigation. There was no real controversy over the matter in the trial court. The tendency shown by recent decisions of our courts is to require slight proof to negative Sec. 1, Subdivisions 1 and 2 of Art. 8309, supra, especially where no real contest is made of the wage issues. Federal Underwriters Exchange v. Stewart, 109 S.W.2d 1031, 1032–1033, (San Antonio Civ.App., 1937, writ dis.); I. C. T. Insurance Company v. Wineman, 308 S.W.2d 549, 551 (El Paso, Tex. Civ.App., 1957, writ ref. n. r. e.); Texas Employers' Insurance Association v. Cruz, 280 S.W.2d 388, 391 (San Antonio, Tex. Civ.App., 1955, writ ref. n. r. e.); Southern Underwriters v. Boswell, 141 S.W.2d 442 (Fort Worth, Tex.Civ.App., 1940, affirmed by Supreme Court in 138 Tex. 255, 158 S.W.2d 280, 1942).

All points of error are overruled and the judgment is affirmed.

Affirmed.