TEXAS EMPLOYERS' INSURANCE ASSOCIATION

v.

Earnest E. MORRELL.

No. 7118.

Court of Civil Appeals of Texas.

Amarillo.

March 26, 1962.

Rehearing Denied April 23, 1962.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellant.

Gordon, Gordon & Buzzard, Pampa, for appellee.

CHAPMAN, Justice.

This is an appeal by Texas Employers' Insurance Association from a judgment of the court below based on a jury verdict for Earnest E. Morrell in a workmen's compensation case wherein he recovered maximum compensation for 401 weeks, but was denied a lump sum settlement. The injury from which recovery was allowed was a severe heart attack suffered on May 26, 1960 while appellee was in the course of his employment as a driller for J. M. Johnson Drilling Company supervising a drilling crew in the laying of matting boards in preparation for moving in a drilling rig. Becoming aggravated by mid-morning when it developed that the boards were still not level he began throwing around heavy, muddy, wet, 3 x 12 boards 7 or 8 feet long. Immediately following such violent physical exertion he slumped over, "turned white" and became violently ill. He was taken by one of the crew members to Coon Memorial Hospital in Dalhart, where he was administered to by Dr. Cunningham. On May 31, 1960 he was transferred to Highland General Hospital in Pampa, where he was treated by Dr. R. D. Falkenstein for 22 days in the hospital and up to the time of the trial at his home. Both doctors agreed he had sustained damage to his heart in the form of a posterior myocardial infarct.

The testimony developed the fact that appellee had suffered a back injury on September 6, 1959 and was off work approximately seven months as a result thereof. He compromised and settled his back injury claim with the insurance company for $5,500.00 while it was still pending with the Industrial Accident Board and had, in addition, been paid $955.00 in weekly compensation. He had returned to his usual work as a driller, the only work he had known during his adult life, on March 16, 1960 prior to settling his claim in May, 1960. The defense before us to the judgment rendered narrows itself to the question of whether any compensation recoverable by appellee is subject to be reduced on account of the prior compensable injury to the back, pursuant to Section 12c of Article 8306, Vernon's Ann.Tex.St. The judgment is attacked from various approaches.

In its first two points appellant urges the insufficiency of the evidence to sustain full total and permanent benefits without reduction on account of the prior back injury, as against the insurance company's contentions that the evidence was not sufficient to sustain the conclusion that the prior compensible injury did not contribute "in some part at least to the incapacity for which recovery was allowed." Placed in the language of appellee's brief, the insurance company contends "that if a man has ever sustained a partial permanent disability, he

is thereafter, in the eyes of the law, only a part of a man and can never recover compensation for total disability for any period of time."

Art. 8306, Sec. 12c of V.A.T.S. provides in part as follows:

"If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association (Texas Employers' Insurance Association) shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee *had there been no previous injury.*" (Emphasis ours.)

Appellee testified in effect that the back bothered him a little, but not too much, and that he was making a hand in charge of a crew. The medical testimony is more than sufficient to sustain the jury's finding that the incapacity from the heart attack would have been the same had there been no previous injury. It indicated that worry or stress could produce a heart attack and that back pain might be a contributing factor but assuming there was not any back pain at the time of the attack then the back injury was not a contributing factor to his heart attack or its symptoms. The evidence shows appellee had no pain from his back injury at the time of the heart injury, nor had he had any since. His treating physician testified:

"A. The injury to the heart does not have any relation or is not dependent on his back.

"Q. Well, how do you reason that, please?

"A. Well, as I stated before, severe pain or excitment or shock can cause a coronary occlusion, exertion and strain and so on. Since there was no pain, I have to say that that is not

contributing, that the back is not contributing.

"Q. And what about his present disability, does the back contribute to that, please?

"A. No. As far as the heart is concerned, there is no connection.

"Q. Had he been a well man and not had any back injury, would the resulting disability be just the same?

"A. No, there is no connection there. This doesn't have any influence on the state of his heart."

 Appellee had returned to his work on a trial basis after his back injury with the doctor's consent. There is no showing in the record that he was working temporarily, that he had a benevolent employer who was using him as a gratuitous gesture or that he was working under the whip of economic necessity. Apparently he and his employer were satisfied with his performance because he worked several weeks before settling his back injury claim, and at the very time of his heart attack was performing very vigorous physical work without any back pain. Surely under this record it could not be said, in the face of all the medical testimony showing no connection, that the first injury contributed to the second as a matter of law. We believe the authorities do not sustain appellant's contentions. Art. 8306, Sec. 12c, V.A.T.S.; Lumbermen's Reciprocal Ass'n v. Coody et al., Tex.Civ.App., 278 S.W. 856 (N.W. H.); Texas Employers' Insurance Association v. Swaim, Tex.Civ.App., 278 S.W.2d 600 (N.R.E.); Employers Reinsurance Corp. v. Wagner, Tex.Civ.App., 250 S.W.2d 420 (N.R.E.). Accordingly, the points are overruled.

Through points 4, 5 and 8 appellant asserts error in the court's admission of the doctors' testimony and counsel's argument to the effect that the heart injury would have resulted even had there been no prior

**224**

injury as distinguished from its theory asserted in point 3 to the effect that the back injury was a continuing incapacity and constituted a part of whatever incapacity appellee had as a result of the heart injury. The association pleaded: "A prior compensable injury, to-wit, a back injury sustained about September of 1959, while in the employee of Service Drilling Company contributed to any incapacity plaintiff may have." Their theory simply does not sustain appellant's contention of error by the court in these respects and we feel what we have said in a discussion of points 1 and 2 is sufficient to dispose of the points here under consideration.

In its points 6 and 7 appellant complains of the method of submission of the court because of its theory asserted in point 3 shown above. Actually, the points simply approach the question from different angles.

Special Issue 16 inquired if the disability did not result solely from natural causes not contributed to nor aggravated by the claimed incident on which the suit was founded. Special Issue 17 asked the same question with the back injury in combination with the heart attack. Both were answered favorable to appellee. Then Special Issues 18 and 19 were asked as follows:

"SPECIAL ISSUE NUMBER 18:

"Do you find from a preponderance of the evidence that the incapacity, if any, that you have found, if any, in response to the foregoing special issues would have been the same had there been no prior injury?

"Answer 'it would have been the same' or 'it would not have been the same.'

"Answer: It would have been the same.

"If you have answered the foregoing issue, 'it would not have been the same,' and in that event only, then answer the following special issue:

"SPECIAL ISSUE NUMBER 19:

"Find from a preponderance of the evidence the percentage of the incapacity, if any, that you have found, if any, in response to the foregoing issues, that would have resulted had there been no previous injury.

"Answer by stating in percentage, or 'none.'

"Answer: ——————."

The jury answered to Special Issue 18: "It would have been the same" [had there been no prior injury].

It is to be noted that Special Issue 18 as framed followed almost exactly the wording of the applicable clause in Sec. 12c of Art. 8306. The only difference was the substitution of the word "prior" for the word "previous". The terms are synonymous as used. The statute provides the Association shall be liable "only for the compensation to which the subsequent injury would have entitled the injured employee *had there been no previous injury.*" (Emphasis added). That is exactly the question asked in Special Issue 18—if the incapacity would have been the same "had there been no prior injury." We believe the expression of Justice Holmes of the 5th Circuit in McGowen v. Pacific Employers Ins. Co., 205 F.2d 533, 534 answers very well the theory of appellant's defense raised through its various approaches where he said: "An employee does not sell part of himself in accepting statutory payments for partial or temporary disabilities brought about by accidental injuries sustained in the course of his employment. Partial or temporary disability payments are made in lieu of wages lost through accidental injuries; and they are not accrued credits to be given the employer or insurance carrier of an employee who subsequently is totally and permanently disabled in * * * his employment."

We believe this case was properly tried and the judgment is affirmed.