**Ralph F. JONES, Appellant,**

v.

**PACIFIC EMPLOYERS INSURANCE COM-
PANY, Appellee.**

**No. 4185.**

Court of Civil Appeals of Texas.

Eastland.

May 26, 1967.

Rehearing Denied June 16, 1967.

See also Tex.Civ.App., 416 S.W.2d 583.

James De Anda, William R. Edwards,. Corpus Christi, for appellant.

Keys, Russell, Watson & Seaman, Corpus Christi, James C. Watson, Corpus. Christi, for appellee.

GRISSOM, Chief Justice.

Ralph F. Jones sued Pacific Employers. Insurance Company for benefits payable under the Workmen's Compensation Law for total and permanent incapacity. A jury found that Jones sustained total incapacity after November 17, 1963; (5) that an injury on that date was a producing cause of such incapacity, which (6) began February 10, 1964 and (7) was permanent. It found that (16) Jones' incapacity was.

not solely caused by arthritis or by any one or more of the injuries previously sustained by him in September 1956, March 1959, February 1963, or an injury subsequently sustained on February 10, 1964, or by a combination of arthritis and any one or more of said injuries. It found, however, that (17) each of said previous and subsequent injuries contributed to Jones' present incapacity; that (18) the percent of his present incapacity contributed by said prior injuries was as follows: September 1956, 5%, March 1959, 5% and February 1963, 40%. The jury found that the injury sustained on February 10, 1964, subsequent to the injury made the basis of this suit, contributed 40% of his present incapacity.

The court subtracted the percent of incapacity contributed by said previous and subsequent injuries and rendered judgment for Jones for only 10% of the amount payable for total permanent incapacity, the percent of incapacity caused by the injury that is the basis for this suit. Jones has appealed. The deduction of 40% by virtue of the subsequent injury on February 10, 1964, is the act complained of on this appeal.

Article 8306, Section 12c provides that if an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both contribute, the employer's insurance carrier shall be liable because of such subsequent injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury.

■■■ It is established that an employee is entitled to compensation for incapacity to which an injury is a producing cause, notwithstanding the fact that he was prior to the injury afflicted with a disease which has contributed to his incapacity. Texas Employers' Insurance Ass'n v. Parr (Tex.Com.App.), 30 S.W.2d 305, 310. In Traders & General Insurance Co. v. Gibbs

(Tex.Civ.App.), 229 S.W.2d 410 (Ref. N.R. E.), cited with approval by Judge Greenhill in Sowell v. Travelers Insurance Company (Sup.Ct.), 374 S.W.2d 412, 416, it was held that if a prior compensable specific injury did not contribute to a claimant's incapacity resulting from a subsequent general injury Section 12c of Article 8306 did not apply. That, for Section 12c to apply, it must be established that the prior compensable specific injury contributed to the incapacity for which recovery was sought. In the Gibbs case, the claimant had lost his left eye, a specific injury. He returned to work and a pipe fell on his head fracturing his skull. He recovered for total and permanent incapacity. The insurer contended that under Section 12c, the claimant could not recover for total and permanent incapacity caused by a general injury because he had previously suffered a compensable specific injury. The Supreme Court disagreed with that contention. In the Sowell case Judge Greenhill said that Section 12c made no distinction between specific and general injuries, although the Legislature had provided different methods for determining the compensation for them. It was there held that in a suit to recover for a general injury it was proper to submit an issue inquiring whether a prior specific compensable injury contributed to the plaintiff's present incapacity. The judgment was reversed because of the submission of an issue inquiring what percent of claimant's incapacity "was due solely" to the injury that was the basis for the suit, where there was evidence that he had a prior arthritic condition which was aggravated by that injury.

In St. Paul Fire & Marine Insurance Company v. Murphree, 163 Tex. 534, 357 S.W.2d 744, it was said:

"The injury directly involved in this suit is alleged to have been sustained on April 30, 1959. Prior injuries and one subsequent injury are also involved. Evidence showing the nature and extent of these injuries was introduced

before the jury. Such evidence was admissible, inasmuch as it is the extent of the prior and subsequent injuries that reduces the insurer's liability, not what the employee was paid in settlement of his claim growing out of the injury. The settlement agreements and the sums paid in settlement of other suits or claims could not serve the jury or the trier of the facts materially in determining the extent of the prior and subsequent injuries contributing to Murphree's disability."

However, Judge Smith's further statement on page 749 that

"In view of the fact that this case was pleaded, tried, and submitted to the jury on the theory that the legal effect of a subsequent injury (September, 1959) is no different than that of a prior injury, and the fact that no contention is made that St. Paul is legally responsible only for the incapacity that Murphree would have sustained absent the subsequent injury, St. Paul cannot be sustained in its contention that the jury findings that Murphree was totally and permanently disabled by the April injury are not supported by the evidence merely because the September, 1959 injury contributed 5% to Murphree's incapacity",

indicates that the first quoted statement is dictum. However, such dictum and the language in the first part of section 12c tend to support the court's action in deducting the 40% incapacity contributed by the subsequent injury on February 10, 1964. Furthermore, the record shows that appellant has settled with another insurer of a different employer for the subsequent injury on February 10, 1964.

■ Article 8306, Sec. 12c was amended in 1947 by creating a Second Injury Fund from which an employee "who has suffered a subsequent injury shall be compensated for the combined incapacities resulting from both injuries." It has been said that the primary purpose of the amendment was to enable wounded war veterans to obtain employment, for example if he had previously lost an eye and, in the course of his employment, he lost the other eye and was by the combined effect of both injuries totally and permanently disabled he might recover for such total permanent disability from the Second Injury Fund, but he could still recover only the statutory compensation for a specific injury, loss of one eye, from his employer's insurance carrier which, when paid, was to be deducted from the payment for total and permanent disability out of the Second Injury Fund. Amendments to Section 12c, designated 12c–1, and 12c–2, emphasize the limitation on the liability of the employer's insurer by the provision in 12c–1 that "the association" shall be liable only for the compensation payable for such second injury, although he was thereby rendered totally and permanently disabled. Miears v. Industrial Accident Board, 149 Tex. 270, 232 S.W.2d 671, 672. It has been determined that Section 12c makes no distinction between specific and general injuries. Sowell v. Travelers Insurance Company (Sup.Ct.), 374 S.W.2d 412, 416.

■ The reason for limiting liability of the employer's insurer by deducting the 40% contribution to present incapacity by a later injury is just as valid here as the limitation expressly stated to be applicable to prior compensable injuries in section 12c. In this case the record shows that the trial court knew that appellant had previously settled for said last injury with another employer's different insurance carrier for that subsequent injury, which the jury found contributed 40% to appellant's present incapacity. If the court had included said 40% in the recovery granted it would have allowed a double recovery for the same accident and incapacity. Furthermore, it would cause appellee to pay for 40% of appellant's incapacity caused by a subsequent injury while he was employed by a different employer and insured by a different insurer. We do not believe that the law contem-

plated such a recovery. See 63 Tex.Jur.2d 48, 49; Hartford Accident and Indemnity Company v. McCardell (Sup.Ct.), 369 S.W. 2d 331, 343. In the last cited case Judge Hamilton said at page 337: "The only reason evidence of other injuries is admissible at all in a compensation case is that it might have some bearing on the question of whether the injury sued on is the producing cause of any incapacity claimed." See also Gilmore v. Lumbermen's Reciprocal Ass'n (Tex.Com.App.), 292 S.W. 204, 206; Maryland Casualty Co. v. Gunter (Tex.Civ.App.), 167 S.W.2d 545, 547; Texas Employers Insurance Ass'n v. Pierson (Tex.Civ.App), 135 S.W.2d 550.

Appellant's points are overruled. The judgment is affirmed.