James L. ALCOCER, Appellant,

v.

The TRAVELERS INSURANCE COM-
PANY, Appellee.

No. 292.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 15, 1969.

Robert A. Cattanach, Cattanach, Hughes, Carlisle & Cralle, Houston, for appellant.

Stanley Crawford, Stafford & Patten, Houston, for appellee.

BARRON, Justice.

This Workmen's Compensation case was brought by James L. Alcocer as plaintiff against The Travelers Insurance Company. Plaintiff alleged accidental injuries while working on the job to his shoulder, left arm, chest and lower back, causing severe pain and resulting in total permanent dis-

ability. The testimony, however, showed that if plaintiff has suffered any disabling injury at all, such injury was limited to the area of his left shoulder.

The case was submitted to a jury on special issues. The jury found that the alleged accidental injury was not a producing cause of any total incapacity, and that the alleged injury was not a producing cause of any partial incapacity. The remaining special issues were not answered by the jury either under the instructions of the trial court or because such issues assumed permanent or partial incapacity as a result of the alleged accidental injury. Judgment was rendered for defendant-appellee on the verdict of the jury, and the appellant, Alcocer, has duly perfected his appeal.

Contention is made by appellant that the trial court erred in allowing appellee to discuss previous injuries of the plaintiff on voir dire examination of the jury panel. We overrule such contention. Reference was made to the jury panel by counsel for appellee to a back injury which occurred in 1955 or 1956 while appellant was working on his job, and to an accident in 1965 in which appellant was burned on his body and face and which involved the inhaling of acetone fumes into his lungs. The latter event was the subject of another pending lawsuit, which was referred to by appellee's counsel. Both prior injuries were compensable. Appellee pleaded the terms of Article 8306, Sec. 12c, V.A.T.S., which reads in part as follows:

"If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association * * * shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury; * * *."

Appellant did not move for mistrial, but the trial court instructed the panel to disregard any statements made on voir dire as evidence in the case. Apparently appellant contended that the prior compensable injuries must necessarily be to the same area of the body. While only brief reference was made to such prior injuries, we hold that such was not error, and that under the pleadings as set forth above, the questions were proper and the testimony on the merits was competent and material. Moreover, the appellant himself proved the two prior injuries in the trial on the merits. See Sowell v. Travelers Ins. Co., 374 S.W.2d 412 (Tex.Sup.); Texas Employers' Ins. Ass'n v. Morrell, 356 S.W.2d 221 (Tex.Civ.App.), writ ref., n. r. e.

Appellant complains of the trial court's submission of special issues ten and eleven to the jury concerning an alleged previous unrelated injury and its percentage of contribution to appellant's alleged present injury. The special issues were not answered for the reasons stated above, and since the jury found that the accident was not the producing cause of either permanent or partial incapacity, such action was proper or harmless. Moreover, appellant made no objections to special issues ten and eleven, and such complaint has been waived. The contention is overruled. Rules 272 and 434, T.R.C.P.

On the first day of trial appellant had Dr. Melvin Tatar subpoenaed as a witness. Dr. Tatar was not present when appellant called him to testify. The trial court discovered that counsel for appellant had released Dr. Tatar from the instanter subpoena, and counsel told him that he would call him when he wanted the doctor to testify. Based upon such information, the trial court ruled that it had no authority to issue a writ of attachment for the witness. Counsel for appellant made a general objection to the trial court's actions, but he made no motion for postponement or continuance. Counsel for appellant then read into evidence the office records, notes and reports of Dr. Melvin Tatar. We see no reversible error in the

trial court's ruling. Rule 179, T.R.C.P., reads in part as follows: "Every witness summoned in any suit shall attend the court from day to day, and from term to term, *until discharged by the court or party summoning such witness.*" (Emphasis added.)

■ The contention that the admission in evidence of copies of appellant's 1966 and 1967 income tax returns was reversible error is overruled. Counsel objected to the admission of the tax returns by stating that only a portion of the returns was admissible, but he failed to point out the objectionable portions or to make any special motion or request to the trial court for protection. Our examination of the tax returns fails to show any harm or wrongful invasion of appellant's privacy. See and compare, Maresca v. Marks, 362 S.W. 2d 299 (Tex.Sup.), and cases cited. The purpose of the offer of the tax returns in evidence was to show appellant's actual income in 1966 and 1967. The issue of lump sum payment of compensation to avoid manifest hardship, injustice and injury to the appellant was an issue before the jury, and we hold that no reversible error is shown.

The judgment of the trial court is affirmed.