**Ernest CLARIDY, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 10–89–106–CV.**

Court of Appeals of Texas, Waco.

July 26, 1990.

Robert J. Hanley, Waco, for appellant.

Roy L. Barrett and Beverly Willis Bracken, Naman, Howell, Smith & Lee, P.C., Waco, for appellee.

HALL, Justice.

Appellant Ernest Claridy sued appellee Texas Employers' Insurance Association (TEIA) for benefits payable under the worker's compensation law for total and permanent incapacity resulting from an injury he sustained on April 8, 1987 while in the course and scope of his employment with Flowers Construction Company. TEIA pleaded, among other defenses, that one or more prior or subsequent injuries contributed substantially to any incapacity now complained of by Claridy, "including, but not limited to, a compensable injury allegedly sustained by [Claridy] on or about July 16, 1987, while [Claridy] was working in the course and scope of his employment

for Flowers Construction Company, Inc., for which compensable injury [Claridy] has filed a claim with the Industrial Accident Board of the State of Texas against Argonaut Southwest Insurance Company."

A jury found that Claridy received an injury to his back on April 8, 1987, and that the injury was a producing cause of total but temporary incapacity which began on August 3, 1987 and will end on April 12, 1995. The jury also found in response to questions ten and eleven that an injury to Claridy's neck on July 16, 1987 contributed 65% to the total incapacity found by the jury. The trial court rendered judgment on the verdict, subtracting the percentage of incapacity contributed by the subsequent injury.

This appeal was brought on a single point of error directed at the trial court's denial of Claridy's motion to disregard the jury's finding that the injury to Claridy's neck contributed 65% to his present condition of incapacity.

Section 12c of Article 8306, Vernon's Texas Civil Statutes, provides in part as follows:

(a) If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury; provided that there shall be created a fund known as the "Second Injury Fund," hereinafter described, from which an employee who has suffered a subsequent injury shall be compensated for the combined incapacities resulting from both injuries.

Claridy correctly asserts that the language of the statute deals specifically with reduction of liability of the worker's compensation insurance carrier for subsequent injury benefits because of the contribution of a prior injury to the incapacity claimed by the employee for the second injury, whereas in our case the carrier seeks reduction for contribution allegedly resulting from the second injury to the incapacity claimed by the employee from the prior injury. Nevertheless, although the wording of the statute refers expressly to prior injuries for contribution, the application of the statute, as presently worded, has been interpreted as extending to subsequent injuries as well. See *St. Paul Fire & Marine Insurance Company v. Murphree,* 163 Tex. 534, 357 S.W.2d 744 (1962); *Jones v. Pacific Employers Insurance Company,* 416 S.W.2d 580 (Tex.Civ.App.—Eastland 1967, writ ref.n.r.e.); *General Ins. Corporation v. Hughes,* 193 S.W.2d 230 (Tex.Civ.App.—Dallas 1946, no writ). According to the cases, the application of the principle of the statute to contribution of subsequent injuries to incapacity prevents a double recovery by the employee and reduces the insurance carrier's liability to the extent of the injury actually insured. *Murphree,* 357 S.W.2d at 748; *Jones,* 416 S.W.2d 582–83.

■ In order to be entitled under the statute to a reduction of the worker's recovery because of another injury the compensation insurance carrier must prove (1) that the other injury was compensable, (2) that it contributed to the present incapacity, and (3) the extent of the contribution. *Transport Insurance Company v. Mabra,* 487 S.W.2d 704, 707 (Tex.1972). Thus the statute requires proof that the existing condition of incapacity was caused by the combined effect of two or more injuries, but there is no requirement that the separate injuries affect the same part of the body or each other. *Alcocer v. Travelers Insurance Company,* 446 S.W.2d 927, 928 (Tex.Civ.App.—Houston [14th Dist.] 1969, not writ).

■ The issue of whether or not a prior or subsequent injury has contributed to the condition of incapacity claimed at the time of trial will ordinarily be a question of fact, as it was in our case. Evidence in the case established that Claridy's back injury in April 1987, upon which this suit is based, and his back injury in July 1987 were suffered in the course and scope of his employment with Flowers Construction Company, that both were compensable, and that Claridy was in fact being compensated at

the time of trial by Argonaut Insurance Company with weekly benefits for incapacity resulting from the neck injury. Evidence also showed that the neck injury contributed to Claridy's incapacity at the time of trial, and supported the jury's finding of 65% contribution.

 Claridy was injured in April 1987 when he was lifting an auger that was used for drilling utility pole holes. At that time, Claridy believed that his injury consisted only of hernias. He was treated for the hernias by Doctors Spitzer and Campbell, a general physician and a surgeon chosen by him. Later, because of pain in his thigh, leg and foot, he believed that he had also suffered a low back injury as a result of lifting the auger in April. Claridy injured his neck in July 1987 when he hit his head against an auger, "jamming" his neck. His treating physician for his neck injury was Dr. Slade. He was also seen by Dr. Etheridge for a "second opinion" about his neck injury.

Dr. Slade believed that the neck injury contributed more to Claridy's incapacity than the back injury, testifying that it contributed "more than fifty percent." Claridy did not complain to Dr. Spitzer or Dr. Campbell about his back, and neither knew of any injury to Claridy's back as a result of the incident in April 1987. Dr. Campbell testified that any incapacity or disability suffered by Claridy from the auger-lifting accident in April 1987 ended not later than June 20, 1987. He said that any incapacity suffered by Claridy after June 20th would have been caused solely by something other than the April injury. Dr. Etheridge testified that he found no objective evidence of a back injury. He found no herniated disc, although there was a bulging disc which he said could have been caused by the aging process or arthritis or other factors. He attributed Claridy's visit to him on May 9, 1987, to a "secondary gain factor" rather than to a real injury.

Thus the range of percentages by which the neck injury in July 1987 contributed to Claridy's condition of incapacity extended from "more than fifty percent" according to Dr. Slade to one hundred percent on the

testimony of Dr. Etheridge and Dr. Campbell. The jury, as the fact-finder on this issue, set the percentage of contribution at sixty-five percent, within the range of the evidence.

Claridy's point of error and the contentions raised under it are overruled. The judgment is affirmed.