**The TRAVELERS INSURANCE COMPANY, Appellant,**

**v.**

**Juan VARGAS, Appellee.**

**No. 4044.**

Court of Civil Appeals of Texas.

Eastland.

Jan. 28, 1966.

Rehearing Denied Feb. 18, 1966.

Crenshaw, Dupree & Milam, Cecil Kuhne and Joe H. Nagy, Lubbock, for appellant.

Splawn & Maner, James R. Edwards, Lubbock, for appellee.

GRISSOM, Chief Judge.

This is a workman's compensation suit brought by Juan Vargas for and on behalf of his wife, Elvira Flores Vargas. Mrs.

Vargas will be called plaintiff. Plaintiff alleged that on November 11, 1963, she was accidentally injured while she was pulling on burlap bags as an employee of St. Regis Paper Company. The insurance company answered that, if she sustained any disability, her disability was temporary and partial and had ceased. It alleged that if plaintiff sustained any disability it was caused solely by conditions existing in her body before November 11th, or by disease or injuries sustained at other times and places, or a combination thereof. At the close of plaintiff's evidence and after all the evidence had been introduced, the insurance company filed motions for an instructed verdict contending there was no evidence or, in the alternative insufficient evidence that plaintiff sustained any disability as a result of an injury suffered while she was working for said company. Said motions were overruled.

The case was submitted to a jury which found that (1) plaintiff sustained an accidental personal injury about November 11, 1963, (2) while working as an employee of St. Regis and (3) in the course of her employment by St. Regis. Issue 4 inquired whether the jury found that plaintiff sustained total incapacity for any length of time as a result of the injury, if any, sustained by her on November 11, 1963. The jury answered that issue, "No". Because of said finding that the plaintiff did not sustain any total incapacity for any length of time, under instructions of the court, the jury did not answer issues (5), when total incapacity began, (6), whether such total incapacity, if any, was permanent or temporary and (7) the duration of total incapacity, if any. But the jury further found that (8) plaintiff sustained partial incapacity as a result of an injury on November 11th. (Because of some contentions hereafter to be noted, we here call attention to the fact that, in connection with issue 8 and a definition of partial incapacity, the court instructed the jury that a person could not be both totally and partially incapacitated at the same time.) The jury also found that (9) such partial incapacity began November 11, 1963; that (10) it was temporary and that (11) the duration of plaintiff's partial incapacity was 104 weeks. Judgment was rendered for the plaintiff for $45.00 per week for 104 weeks. The insurance company has appealed.

Appellant's points 1 and 2 are that the court erred in overruling defendant's motions for an instructed verdict because there was no evidence that plaintiff sustained any disability as a result of an injury on November 11, 1963, and because there was no evidence that plaintiff's disability was either permanent or temporary. Its third point is that the court erred in overruling defendant's motions for instructed verdict, or in not granting a new trial, because there is insufficient evidence plaintiff sustained any disability as a result of an injury on November 11, 1963, and (point four) because the evidence is insufficient to show any disability plaintiff might have is either permanent or temporary. The evidence shows that plaintiff is 37 years of age and the mother of eight children. She had only four years of formal education. She commenced her public employment in 1949 with Patterson Bag Company. That job required manual labor and included prolonged standing, lifting, stretching and straining. There was evidence that she worked for Patterson for eight years and had no physical trouble doing the same work she started doing for St. Regis Paper Company in 1957. That company was her employer on November 11, 1963. She testified that she was injured while working on the job for said company on November 11, 1963; that she was pulling a carriage with about 500 sacks on it; that when she pulled she hurt her back and side and leg; that she had never had any of those troubles before; that she continued to do light work the remainder of the day after she was injured; that she was not able to pull the carriage any more; that she did not pull it the next day and was not able to do her normal work there-

after; that she had not worked for anyone since two days after that injury because she couldn't; that she is not able to do her normal household duties and care for her children because of that injury; that she can't lift things; that she can't stand on her feet for a long time; that she is not able to mop, sweep the floor or move the furniture; that before her injury she was able to do all those things; that she now depends upon her husband and an employee to do that work; that at the time of the trial, 19 months after her injury, her back, side and leg hurt; that they were bothering her and that she is getting worse; that she has had pain from the date of the injury and the pain is getting worse. She testified that she did not think she could ever get a job and keep it "doing the heavy work" she was doing before November 11, 1963, because her back, side and leg hurt when she did.

Plaintiff's husband testified that before November 11, 1963, his wife did not appear to have any trouble doing her household work and had never complained of any difficulty with the portions of her body where she now has pain; that from his observation, after November 11, 1963, she was unable to do the things about the house that she had done theretofore, that she could not mop, sweep, pick up the children, walk fast, do the laundry or spread quilts; that her condition has not improved and she had to employ a woman to do her household work and care for the children. That employee testified that she had worked for the Vargas family for about a year; that she does all the cleaning and washing and takes care of the small children; that she had observed plaintiff around the house and, based upon her observation, plaintiff can't do the things that have to be done; that she can't mop, wash or sweep, she can't lift or care for the younger children and that plaintiff's condition has not improved. Another witness, Mrs. Belgara, testified that she had worked with plaintiff on both her Patterson and St. Regis jobs; that she was plaintiff's supervisor;

that plaintiff was a dependable, hard worker, without any physical disability that she noticed before November 11, 1963; that she was working with plaintiff on November 11th, 1963, when she was injured; that plaintiff bent down to pull a carriage loaded with burlap bags and the wheels on the carriage stuck and "she hurt herself"; that she noticed plaintiff soon thereafter having trouble and plaintiff told her she hurt her back; that, thereafter, while plaintiff was on the job Mrs. Belgara pulled the carriage, with some slight assistance from plaintiff; that for the remainder of the day on November 11th after she was hurt, plaintiff did no pulling, lifting or any hard manual labor but only light work.

■ Viewing the evidence in the light most favorable to the verdict, as we are required to do, we hold there was sufficient evidence that plaintiff sustained disability as a result of an injury in the course of her employment with the St. Regis Company on November 11, 1963, and that she suffered partial incapacity during the time found by the jury. Appellant's first four points are overruled.

■ Appellant's fifth point is that the court erred in submitting issue 4, which inquired whether plaintiff sustained total incapacity, because it assumed that plaintiff sustained some incapacity after November 11, 1963, and constituted a comment by the court to the effect that plaintiff would have some incapacity as a result of her alleged injury. Issue 4 and the answer thereto are as follows:

"Do you find from a preponderance of the evidence that the Plaintiff Elvira Vargas sustained total incapacity, if any, for any length of time as a natural result of the accidental personal injuries, if any, sustained by her on or about November 11, 1963?

By 'total incapacity' as used in this charge, does not imply an absolute dis-

ability to perform any kind of labor, but a person disqualified from performing the usual tasks of a workman to such an extent that she is unable to procure and retain employment is ordinarily regarded as being totally incapacitated or totally disabled.

'Natural result' as used herein means a result occurring in the ordinary course of events.

Answer 'yes' or 'no'. ANSWER: No."

It is obvious that the court did not thereby assume that plaintiff sustained incapacity after November 11th and that the court did not comment that plaintiff would be incapacitated as a result of her alleged injury. The jury found that plaintiff did not sustain total incapacity for any length of time. We cannot see how appellant could have been injured by either the issue or answer. See Argonaut Underwriters Insurance Company v. Byerly, Tex.Civ. App., 329 S.W.2d 937, (Ref. N. R. E.) The point is overruled.

■ The substance of appellant's sixth point is that the court erred in defining personal injury by including in the definition "or the incitement, acceleration or aggravation of any previously existing physical condition or disease", because there was no evidence thereof or, as least, the evidence was insufficient, and the court's instruction permitted the jury to answer issue 1, which inquired whether plaintiff sustained an injury on November 11, 1963, based upon speculation and the court's said instruction. We think such action did not constitute reversible error. Southern Underwriters v. Parker, 129 S.W.2d 738, (writ ref.); Maston v. Texas Employers Insurance Ass'n, 160 Tex. 439, 331 S.W.2d 907. Point six is overruled.

■ Appellee presents a cross point wherein she contends the record shows appellant has appealed for delay only and,

under Texas Rules of Civil Procedure 438, appellant should be penalized ten percent of the judgment for a frivolous appeal. The point is overruled. The judgment is affirmed.